UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LOWINGER,<br><br>                      Plaintiff,<br><br>     vs.<br><br>PROVIDENT FINANCIAL SERVICES, INC.,<br><br>                      Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Robert Lowinger ("Plaintiff"), by his undersigned attorneys, alleges, based upon personal knowledge as to himself and his own acts and on information and belief as to all other matters which is based upon filings made by Provident Financial Services, Inc. ("Provident" or the "Company") with the U.S. Securities and Exchange Commission ("SEC"), as follows:

## NATURE OF THE ACTION

1. On March 15, 2019, Provident filed with the SEC and furnished to the Company's shareholders a definitive proxy statement (the "Proxy Statement" or "Solicitation") with respect to an annual meeting (the "Annual Meeting') scheduled to take place on April 25, 2019. A true and correct copy of the Solicitation is attached hereto as Exhibit 1. The third proposal ("Proposal 3") contained in the Proxy Statement seeks shareholder action, by way of a vote, to approve the Provident Financial Services, Inc. 2019 Long-Term Equity Incentive Plan (the "2019 Equity Plan" or the "Plan").

2. The proxy rules issued by the SEC "have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977). However, in seeking shareholder approval of Proposal 3, as alleged in greater detail below, the Company failed to comply with the disclosure requirements of Schedule 14A promulgated under the Securities Exchange Act of 1934 (the "Exchange Act"),

17 C.F.R. § 240.14a-101 ("Schedule 14A"), which governs proxy solicitation. Specifically, Item 10(a)(1) of Schedule 14A requires, *inter alia*, that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed[,]" certain further information must be furnished. Additionally, Item 10(b)(2)(i) of Schedule 14A requires that "[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action[,]" certain further information must be stated. The Plan includes "stock options, including incentive stock options and non-qualified stock options, any of which may vest based either on the passage of time or achievement of performance, or a combination of each[.]"

3. Proposal 3 of the Proxy Statement does not comply with the SEC's disclosure requirements for proxy statements, codified at Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A. Accordingly, Plaintiff, a Provident shareholder whose vote is being solicited through the Proxy Statement, is bringing this direct action under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the rules and regulations of the SEC to enjoin a vote by the Company's shareholders on Proposal 3 until the defects in the Solicitation are cured.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

5. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

6. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue occurred as numerous Solicitations, including Plaintiff's, were or will be mailed to Provident shareholders residing in this District.

## PARTIES

7.      Plaintiff, a Provident shareholder as of March 1, 2019 (the "Record Date"), is entitled to notice of, to participate in, and to vote at the Annual Meeting.

8.      Provident operates as the holding company for Provident Bank, which was founded in 1839, and provides various banking services to individuals, families, and businesses in the United States. As of December 31, 2018, Provident Bank operated 84 full-service branch offices in New Jersey and Pennsylvania. The Company and Provident Bank are headquartered in Jersey City, New Jersey. The Company's common stock trades on the New York Stock Exchange ("NYSE") under the ticker "PFS" and "66,592,587 shares of Provident common stock were outstanding on the record date and are entitled to vote at the Annual Meeting."

## WRONGFUL ACTS AND OMISSIONS

9.      Provident has scheduled its Annual Meeting for April 25, 2019, and the Record Date to vote on the proposals in the Solicitation as March 1, 2019.

10.     Provident's board of directors (the "Board") recommends that its shareholders vote "FOR the approval of the 2019 Long-Term Equity Incentive Plan[.]"

11.     The Solicitation states that Proposal 3 is recommended, in part, because "[t]he purpose of the 2019 Equity Plan is to provide additional incentives for our officers, employees, directors and other service providers to promote our growth and performance and to further align their interests with those of our stockholders."

12.     The Solicitation further states, with respect to Proposal 3, in part, that:

> **Administration**
>
> The 2019 Equity Plan will be administered by the Compensation Committee, members of which are "disinterested board members," as defined in the 2019 Equity Plan. The Compensation Committee has power within the limitations set forth in the 2019 Equity Plan to make all decisions and determinations regarding the selection of

3

participants and the granting of awards; establishing the terms and conditions relating to each award; adopting rules, regulations and guidelines for carrying out the Plan's purposes; and interpreting and otherwise construing the 2019 Equity Plan.

The Compensation Committee also has the authority to reduce, eliminate or accelerate any restrictions or vesting requirements applicable to an award at any time after the grant of the award.

Approval of the 2019 Equity Plan by the stockholders authorizes the Compensation Committee to determine the number of awards to be granted to non-employee directors, subject to the individual limitations in the 2019 Equity Plan as set forth therein and discussed further below.

* * *

**Number of Shares Authorized**

The 2019 Equity Plan authorizes the issuance to participants of up to (A) 1,350,000 shares of the company's common stock, plus (B) the number of shares of our common stock that remain available for awards under the Prior Plan on the day the 2019 Equity Plan is approved by our stockholders (such sum of (A) plus (B) the "Share Limit") pursuant to grants of restricted stock, restricted stock units and stock options, including incentive stock options and non-qualified stock options, any of which may vest based either on the passage of time or achievement of performance, or a combination of each.

If any award granted under the 2019 Equity Plan or under the Prior Plan expires, terminates, is canceled or is forfeited without being settled or exercised or is settled without the issuance of shares of common stock, shares of the company's common stock subject to such award will be made available for future grant under the 2019 Equity Plan. In addition, if shares issuable upon the vesting or settlement of an award are withheld by the company, or if shares owned by a participant are surrendered or tendered to the company, in payment of taxes required or permitted to be withheld in respect of the award (other than an award of stock options), such shares will be made available for future grants under the 2019 Equity Plan. If any shares are surrendered or tendered to pay the exercise price of, or satisfy the withholding taxes owed with respect to, a stock option, such shares will not again be available for grant under the 2019 Equity Plan.

> As of December 31, 2018, there were 1,457,429 shares of company common stock available under the Prior Plan, which would result in a Share Limit of 2,807,429 shares of company common stock if the 2019 Equity Plan was approved by the stockholders on such date. The actual Share Limit will reflect incremental changes in the number of shares remaining available under the Prior Plan to reflect issuances and forfeitures of awards following such date through the actual date that stockholders approve the 2019 Equity Plan. The following table includes more specific information regarding outstanding equity awards issued under our Prior Plan as reported in our Annual Report on Form 10-K for the fiscal year ended December 31, 2018 and shares available for future awards under the Prior Plan as of December 31, 2018.
>
> ….

13. Proposal 3 fails to provide legally required information because it provides insufficient information for Provident stockholders to understand how many participants are eligible to participate in the Plan despite the fact that Item 10(a)(1) requires that:

> If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

14. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation" as required by Item 10(a)(1), Proposal 3 tells Provident's stockholders the following about who may receive these awards:

> **Eligibility**
>
> Employees and directors of, or service providers to, the company or its subsidiaries are eligible to receive awards under the 2019 Equity Plan, except that non-employees may not be granted incentive stock options. The Compensation Committee has the sole authority to determine the employees, directors and service providers who will be granted an award under the 2019 Equity Plan.

5

15. The above excerpt merely states categories of persons, but it does not explain how many persons are in each class. The Solicitation omits the information required by Item 10(a)(1).

16. Proposal 3 omits how many participants may be awarded the compensation from the Plan that stockholders are being asked to approve.

17. As a result of the above defects, the Solicitation does not identify each class of persons who will be eligible to participate therein and identify how many participants may be awarded the additional 1,350,000 shares of Provident stock (worth over $35.5 million) that stockholders are being asked to approve or the basis of their receipt of such awards.

18. The Solicitation also fails to comply with Item 10(b)(2)(i) of Schedule 14A, which requires that:

> With respect to any specific grant of or any plan containing options, warrants or rights submitted for security holder action, state:
>
> (A) The title and amount of securities underlying such options, warrants or rights;
>
> (B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;
>
> (C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;
>
> (D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and
>
> (E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant[.]

19. Because the Plan allows for the granting of stock options, the Company must disclose, *inter alia*, and in the Solicitation, "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date[.]" That number is also not included in the Solicitation.

20. The preceding paragraphs state a direct claim for relief against Provident under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

21. As a result of these actions, Plaintiff will be injured. Plaintiff has no adequate remedy at law. He will suffer irreparable harm if no action is taken to prevent this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 1,350,000 shares of common stock to be granted to an unknown number of persons who qualify as eligible.

22. If these defects are not cured, it is necessary for the Court to take action to enjoin the vote on Proposal 3 beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

23. To prevent injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with Schedule 14A, Items 10(a)(1) and 10(b)(2)(i), and which is timely furnished to shareholders.

24. Provident should be enjoined from presenting Proposal 3 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 3 unless the appropriate disclosures are timely furnished.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against Provident, as follows:

(A) A preliminary and permanent injunction, enjoining Provident from:

    i. certifying or otherwise accepting any vote cast, by proxy or in person, in connection with Proposal 3 unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to shareholders; and

7

        ii.      presenting Proposal 3 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to shareholders;

(B)    A preliminary and permanent injunction requiring Provident to furnish a supplemental proxy statement with the information required by 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) that is cured of material disclosure defects pursuant to Section 14(a);

(C)    Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Provident's shareholders to the extent that a common benefit is conferred, and;

(D)    Granting such other and further relief as this Court may deem just and proper.

Dated: April 1, 2019

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

/s/ Michael J. Klein
Michael J. Klein
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
mklein@aftlaw.com

**Attorneys for Plaintiff**